**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **MARLON SPAULDING,** | **:** | **CIVIL ACTION NO.** |
| **Plaintiff,** | **:** | **3:13-CV-00867 (VLB)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **DONALD W. NEUFELD, ET AL.** | **:** | |
| **Defendants.** | **:** | **September 30, 2014** |

**MEMORANDUM OF DECISION GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS [Dkt. #20]**

## I. Introduction

**Plaintiff Marlon Spaulding ("Spaulding"), proceeding *pro se*, brings this action against two sets of defendants, Donald Neufeld ("Neufeld"), Alejandro Mayorkas ("Mayorkas"), and the United States Citizenship and Immigration Services ("USCIS") (collectively the "Federal Defendants"),[1] and attorney Brian Figeroux**

**[1] The complaint also names Defendants John and Jane Does #1 through #50 (the "John and Jane Doe Defendants"), but neither identifies them nor alleges facts sufficient to satisfy Rule 8(a) pleading standards. *See, e.g., Gabriel Capital, L.P. v. Natwest Fin., Inc.*, 137 F. Supp. 2d 251, 269-70 (S.D.N.Y. 2000) (holding that a complaint "fail[ed] to plead a claim against [John] Doe defendants" under Rule 8(a) where it contained no information specific to the identities or actions of those defendants). Having filed his complaint over a year ago, Plaintiff has had ample opportunity for discovery to learn the identities of the responsible officials and serve them, but he has not done so. Accordingly, the Court dismisses the complaint as to the John and Jane Doe Defendants. *See Coward v. Town and Village of Harrison*, 665 F. Supp. 2d 281 300-301 (S.D.N.Y. 2009) ("Where a plaintiff has had ample time to identify a John Doe defendant but gives no indication that he has made any effort to discover the defendant's name . . . the plaintiff simply cannot continue to maintain a suit against the John Doe defendant.") (citations and quotations omitted); *see also Watkins v. Doe*, No. 04 Civ. 0138(PKC), 2006 WL 648022, at *2-3 (S.D.N.Y. Mar. 14, 2006) (dismissing claim brought by *pro se* plaintiff against multiple John Does where plaintiff failed to identify and serve the defendants within 120 days of filing the complaint and had not sought an extension of time under Rule 4(m)).**

("Figeroux") and his law firm, Figeroux & Associates (collectively the "Attorney Defendants").[2] Plaintiff brings claims under the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1983, 1985-86, *Bivens v. Six Unknown Agents of F.B.N.*, 403 U.S. 388 (1971) ("*Bivens*"), and under the Federal Tort Claims Act ("FTCA"), seeking monetary damages in excess of $25 million.[3]

## II. Factual Background

The following facts and allegations are taken from Plaintiff's complaint. [Dkt. #1].

On July 26, 1987, the Plaintiff, age eleven, his brother, age nine, and their mother entered the United States as lawful permanent residents. [Dkt. #1, Compl. at ¶ 10.] On January 7, 1994, Plaintiff's mother became a United States citizen. [*Id*. at ¶ 11]. At that time, Plaintiff was seventeen years of age and his brother was fifteen years old. [*Id*.].

---

[2] The Attorney Defendants have submitted a separate motion to dismiss. *See* [Dkt. #40]. This memorandum concerns only the Federal Defendants' motion. *See* [Dkt. #20].

[3] The complaint also seeks relief in the form of an order granting Plaintiff's certificate of citizenship. *See* [Dkt. 1, Compl. at ¶¶¶ 39, 41, 51.] In light of the removal proceedings against the Plaintiff, which were initiated on July 22, 2014, *see* [Dkt. 41, Federal Defendant's Supp. Objection at Ex. B], this Court does not presently have jurisdiction to review the denial of Plaintiff's citizenship application. *See Spaulding v. Mayorkas*, 725 F. Supp. 2d 303, 308-309 (D. Conn. 2010) ("When a claim of citizenship arises in the context of a removal proceeding, original jurisdiction lies in the Court of Appeals exclusively.") (citation omitted). Accordingly, this memorandum exclusively concerns Plaintiff's claims for monetary damages.

**Eleven years later, in September 2005, Plaintiff's mother hired Defendant Figeroux to prepare N-600 applications for Plaintiff and his brother in order to obtain Certificates of Citizenship for each of them, on the basis of their mother's naturalization. [*Id*. at ¶ 12]. On December 15, 2005, Plaintiff's brother received his Certificate of U.S. Citizenship. [*Id*. at ¶ 13]. However, on July 19, 2006, Plaintiff received notice that his application had been denied. [*Id*.].**

**Plaintiff contends that, in denying his application for citizenship, the Federal Defendants did not apply the correct law, [*id*. at ¶ 16], misapplied the correct law, [*id*. at ¶ 18], ignored relevant law, [*id*. at ¶¶ 24, 25], demonstrated bias by denying Plaintiff's application while approving his brother's application, [*id*. at ¶ 16], and used false and fraudulent grounds to deny Plaintiff's application. [*Id*. at ¶¶ 23, 25.][4]**

**In doing so, Plaintiff alleges that the Federal Defendants "breached their official duty," [*id*. at ¶ 44], violated Plaintiff's rights under the Equal Protection Clause, [*id*. at ¶ 45], and acted with deliberate indifference, in violation of Plaintiff's Eighth Amendment rights. [*Id*.]. The Plaintiff brings his claims against the Federal Defendants in both their individual and official capacities. [*Id*. at ¶¶ 1, 44].**

**[4] The complaint also appears to allege that the Federal Defendants denied Plaintiff due process by preventing him from "challeng[ing] reinstatement [of a removal order] under 8 U.S.C. § 1231(a)(5)." [Dkt. #1, Compl. at ¶ 19]. However, it appears that Plaintiff was not subject to a removal proceeding until July 22, 2014—more than a year *after* the complaint was filed. *See* [Dkt. #41, Federal Defs.' Supp. Obj. to Pl.'s Mot. to Amend The Compl., at Ex. B]; *see also Spaulding v. Mayorkas*, 725 F. Supp. 2d 303, 308 (D. Conn. 2010) (noting that Plaintiff mistakenly believed that he was subject to removal proceedings).**

**III. Standard of Review**

**a. Subject-Matter Jurisdiction**

**"In a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both."** ***Robinson v. Government of Malaysia*****, 269 F. 3d 133, 140 (2d Cir. 2001). If the defendant challenges only the legal sufficiency of the plaintiff's jurisdictional allegations . . . the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff.** ***Id*****. (quotations and citations omitted). But where evidence relevant to the jurisdictional question is before the court, the district court may refer to that evidence.** ***Id*****. (quotations and citations omitted). The plaintiff bears the burden of establishing, by a preponderance of the evidence, that the Court has subject-matter jurisdiction over a complaint.** ***Elliot v. United States*****, No. 06-CV-1607 (JCH), 2007 WL 2022044, at *1 (D. Conn. Jul. 6, 2007). Should a court find that jurisdiction is lacking, dismissal of the case is "mandatory."** ***United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*****, 30 F. 3d 298, 301 (2d Cir. 1994).**

**b. Failure to State a Claim**

**"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."** ***Sarmiento v. U.S.*****, 678 F.3d 147, 152 (2d Cir. 2012). While Rule 8 does not require detailed factual allegations, "[a] pleading that offers labels and conclusions or formulaic recitation of the elements of a cause of action will not**

**do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."** ***Iqbal*****, 556 U.S. 662, 678 (2009) (citations and internal quotations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."** ***Id.*** **(quoting** ***Bell Atl. Corp. v. Twombly,*** **550 U.S. 544, 557 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."** ***Id.*** **(internal citations omitted).**

**In general, the Court's review on a motion to dismiss pursuant to Rule 12(b)(6) "is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated by reference."** ***McCarthy v. Dun & Bradstreet Corp*****., 482 F.3d 184, 191 (2d Cir. 2007). However, the Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit."** ***Brass v. Am. Film Techs., Inc*****., 987 F.2d 142, 150 (2d Cir. 1993);** ***Patrowicz v. Transamerica HomeFirst, Inc*****., 359 F. Supp. 2d 140, 144 (D. Conn. 2005).**

**Finally, the Court notes that the Plaintiff brings this action** ***pro se*****. It is well established that the submissions of a** ***pro se*** **litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest."** ***Jabbar v. Fischer*****, 683 F.3d 54, 56 (2d Cir. 2012) (quotation marks, alterations, and citation omitted);** ***see also Toliver v. City of New York*****, 530 F. App'x 90, 91 (2d Cir. 2013);** ***Boykin v. KeyCorp*****, 521 F.3d 202, 214 (2d Cir. 2008). "[A]** ***pro se*** **complaint,**

**however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and quotation omitted). "This policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks and citation omitted). However, *pro se* complaints must still "comport with the procedural and substantive rules of laws." *Javino v. Town of Brookhaven*, 06-CV-1245, 2008 U.S. Dist. LEXIS 173232, at *3, 2008 WL 656672 (E.D.N.Y. Mar. 4, 2008).**

## IV. Discussion

**The Federal Defendants seek to dismiss the complaint on two main grounds: (i) this court lacks subject-matter jurisdiction and (ii) the complaint fails to state a claim on which relief may be granted.[5]**

**[5] The Federal Defendants raise other bases for dismissal, including lack of personal jurisdiction and qualified immunity. *See* [Dkt. #20, Mot. to Dismiss, at 24-32]. Because all claims against these Defendants are dismissed for lack of subject-matter jurisdiction and failure to state a claim, I do not reach the issues of whether the complaint alleges facts sufficient for the Court to exercise personal jurisdiction over these Defendants or whether a qualified immunity applies to the Federal Defendants in their individual capacities.**

**a. The Court Lacks Subject-Matter Jurisdiction Over Claims Against The Federal Defendants in Their Official Capacity**

**"In any suit in which the United States is a defendant, there must be a cause of action, subject-matter jurisdiction, and a waiver of sovereign immunity. The waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction."** ***Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urban Dev.*****, 175 F. 3d 132, 139 (2d Cir. 1999). While sovereign immunity can be waived, the waiver "must be unequivocally expressed in statutory text . . . and will not be implied."** ***Lane v. Pena*****, 518 U.S. 187, 192 (1996). In the absence of an express waiver, "sovereign immunity shields the Federal Government and its agencies from suit."** ***Lunney v. U.S.*****, 319 F. 3d 550, 552 (2d Cir. 2003). Thus, "[t]o sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims."** ***Lane*****, 518 U.S. at 192. The Plaintiff brings constitutional claims and also alludes to other tort claims against the Federal Defendants in their official capacity.[6]**

**Plaintiff's claims against the Federal Defendants in their official capacity for unconstitutional conduct are foreclosed by sovereign immunity, because "the United States simply has not rendered itself liable . . . for constitutional tort claims."** ***FDIC v. Meyer*****, 510 U.S. 471, 478 (1994). Plaintiff's** ***Bivens*** **claims do not disturb this conclusion because** ***Bivens*** **claims apply only to individual federal**

**[6] The Federal Defendants suggest in their motion to dismiss that Plaintiff's allegations that he suffered "mental anguish injury" and that his "family [incurred] pain and suffering from the[] Defendant[s] actions," [Dkt. #1, Compl. at ¶ 46], could be construed as resulting from a non-constitutional tort claim. [Dkt. #20, Mot. to Dismiss at 16].**

**employees in their personal capacities. *See Williamson v. U.S. Dept. of Agric.*, 815 F. 2d 368, 380-81 (5th Cir. 1987).[7]**

**This Court also lacks jurisdiction to adjudicate Plaintiff's non-constitutional tort claims against the Federal Defendants in their official capacity because Plaintiff's only remedy for such conduct arises under the FTCA, and the Plaintiff failed to exhaust the statutorily prescribed administrative remedies. Before a district court can exercise jurisdiction over a plaintiff's FTCA claim, that plaintiff must first "plead and prove compliance" with the FTCA's exhaustion requirements. *In re "Agent Orange" Prod. Liab. Litig.*, 818 F. 2d 210, 214 (2d Cir. 1987). These requirements include presentation of the claim to the appropriate federal agency in writing, within two years after the claim accrued, and specifying in that writing the amount of the claim. *See Millares Guiraldes de Tineo v. United States*, 137 F. 3d 715, 719-20 (2d Cir. 1998). This "procedural hurdle applies equally to litigants with counsel and to those proceeding *pro se*," *Adeleke v. United States*, 355 F. 3d 144, 153 (2d Cir. 2004), and failure to demonstrate exhaustion deprives the court of jurisdiction. *See Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F. 3d 76, 82 (2d Cir. 2005).**

**Here, the Plaintiff only asserts that he "has exhausted his remedies." [Dkt. #1, Compl. at ¶ 3]. Without any additional factual support, this legal conclusion is insufficient to establish this Court's jurisdiction. Moreover, the Federal Defendants have submitted an affidavit stating that a search of the records of the**

**[7] Although Plaintiff also brings claims under 42 U.S.C. § 1983, the Federal Defendants are federal agencies and officials, and any civil rights "claims against federal officials are properly analyzed as Bivens claims, rather than 42 U.S.C. § 1983." *Shue v. United States*, 466 Fed. Appx. 51, 51 (2d Cir. 2012).**

Department of Homeland Security ("DHS"), the relevant agency, did not produce any evidence of an administrative claim filed by or on behalf of Plaintiff. *See* [Dkt. #20, Ex. A to Mot. to Dismiss at ¶ 4.][8] Based on Plaintiff's unsupported assertion and the Federal Defendants' evidence that the Plaintiff did not file a written statement with the proper agency, the Court concludes that it does not have jurisdiction to adjudicate Plaintiff's tort claims under the FTCA.

b. Plaintiff's Complaint Fails to State a Claim Against the Federal Defendants in their Individual Capacity

While this Court has subject-matter jurisdiction over Plaintiff's *Bivens* claims, the allegations against the individual defendants are insufficient to establish a claim for relief. To state a claim under *Bivens*, a plaintiff must allege that an individual defendant personally committed a specific wrongful act that violated a well-established constitutional right of which a reasonable person would have known. *Adekoya v. Holder*, 751 F. Supp. 2d 688, 694 (S.D.N.Y. 2010). This is "[b]ecause vicarious liability is inapplicable to *Bivens* . . . suits [.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Accordingly, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*.

Plaintiff's complaint generally alleges that the named Federal Defendants, among others, "breached their official duty," [Dkt. #1, Compl. at ¶ 44], violated

[8] In resolving a motion to dismiss for lack of subject-matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. *See Morrison v. Nat'l Australia Bank, Ltd.*, 547 F. 3d 167, 170 (2d Cir. 2008).

**Plaintiff's constitutional rights by "transfer[ing] Plaintiff's N-600 application" from one immigration office to another, [*id*. at ¶ 45], and "used false and fraudulent grounds to deny plaintiff his [c]itizenship." [*Id*. at ¶ 23]. While these claims could be read to allege the requisite personal involvement of the individual defendants, Plaintiff offers no facts concerning the role of either of these defendants in the denial of his application, nor does he allege that they directly oversaw or supervised the application process. Instead, Plaintiff's allegations are quite similar to those rejected by other federal courts as legally insufficient to state a *Bivens* claim. *See, e.g., Iqbal*, 556 U.S. at 680-81 (holding that allegations that federal defendants "knew of, condoned, and willfully and maliciously agreed to" violate plaintiff's constitutional rights are "bare assertions . . . [which] amount to nothing more than a formulaic recitation of the elements of a constitutional discrimination claim"); *Adekoya*, 751 F. Supp. 2d at 695 (finding legally insufficient allegations that a high-ranking federal defendant was "responsible for conducting at least the custody review of every detainee and making the decision to release a detainee or continue his or her detention and the proper care of the detainee" or that another defendant "had discretion over [the plaintiff's] placement and chose to send him to a facility where plaintiff wasn't cared for medically, feeding and also deprived access to adequate law library").[9]**

**[9] To the extent Plaintiff asserts non-*Bivens* tort claims against the individual Federal Defendants, the complaint's stray references to "mental anguish injur[ies]," "pain and suffering," and breach of official duty, [Dkt. #1, Compl. at ¶¶ 44, 46], are plainly insufficient to survive a motion to dismiss.**

**c. <u>Plaintiff's *Bivens* Claims Are Time-Barred Rendering Futile Any Leave to Amend</u>**

**While a court generally should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000), an opportunity to amend is not required where any amendment would be futile. *See id*. Futility is established where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it." *Id*.; *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F. 2d 42, 40 (2d Cir. 1991) ("Obviously, where a defect in the complaint cannot be cured by amendment, it would be futile to grant leave to amend.").**

**The statute of limitations has run on Plaintiff's *Bivens* claims. Accordingly, leave to replead would be futile and is therefore denied. *See Bernstein v. New York*, 591 F. Supp. 2d 448, 470 (S.D.N.Y. 2008) (denying leave to replead on futility grounds because "[p]laintiffs cannot overcome the . . . pertinent statutes of limitations").**

**Since *Bivens* actions are the product of federal common law, they do not have an established statutory limitations period. *See Roman v. Townsend*, 48 F. Supp. 2d 100, 103 (D. P.R. 1999), aff'd, 224 F. 3d 24 (1st Cir. 2000). Thus, in *Bivens* actions, courts apply the statute of limitations of the most closely analogous state cause of action. *See Chin v. Bowen*, 833 F. 2d 21, 23-24 (2d Cir. 1987) (applying New York's three-year statute of limitations to *Bivens* actions brought in federal court in New York State). Connecticut General Statutes**

**Section 52-577, generally applicable to torts, is the appropriate statute of limitations to apply to a *Bivens* cause of action brought in a Connecticut federal court. *See Mathirampuzha v. Potter*, No. 08cv682 (JBA), 2010 WL 55061, at *7-8 (D. Conn. Jan. 4, 2010); *Varon v. Sawyer*, No. 04-CV-2049 (RNC), 2007 WL 2217085, at *2 (D. Conn. Jul. 30, 2007). This section prescribes a three-year statute of limitations on tort claims. *See* Conn. Gen. State. § 52-577.**

**A *Bivens* claim accrues on the date on which the plaintiff becomes aware of the facts underlying his claim. *Kronisch v. United States*, 150 F. 3d 112, 123 (2d Cir. 1998). Since Plaintiff's *Bivens* claims arose out of the Federal Defendants' review and denial of his citizenship application, *see* [Dkt. #1, Compl. at ¶¶ 16, 18, 24, 25, 45], and Plaintiff learned of this denial no later than August 8, 2006, when Plaintiff's mother paid Defendant Figeroux to appeal the denial, *see* [*id*. at ¶ 13], Plaintiff's *Bivens* claims have long since expired.[10]**

## IV. Conclusion

**For the foregoing reasons Defendants' Motion to Dismiss [Dkt. 20-1] is GRANTED.**

---

**[10] Even if Plaintiff were to have claimed that the statute of limitations should be equitably tolled—which he has not—there do not appear to be any "rare and exceptional circumstances" of the kind necessary for this Court to find that equitable tolling would be appropriate. *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F. 3d 74, 80-81 (2d Cir. 2003) (noting that equitable tolling is typically applied when a plaintiff actively pursues his legal remedies but files a defective pleading within the limitations period, when a plaintiff is unaware of the existence of her cause of action due to a defendant's misconduct, or where a plaintiff suffered from a medical or mental impairment that prevented him from timely pursuing legal claims).**

**IT IS SO ORDERED.**

**________/s/______________**
**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: September 30, 2014**